NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RONALD MANUAL KING, AKA Fresh,<br>AKA Roland Manual King, AKA Manny,<br>AKA Ronnie Ron, AKA Darnell Williams,<br><br>Defendant-Appellant. | No. 19-50051<br><br>D.C. No.<br>2:17-cr-00289-JAK-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 14, 2020[**]
Pasadena, California

Before: EBEL,[***] WARDLAW, and OWENS, Circuit Judges.

Ronald King appeals from his conviction and sentence for being a felon in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He argues that the district court erred when it denied his motion to suppress evidence obtained during an investigatory stop and frisk conducted by two Los Angeles police officers. We have jurisdiction under 18 U.S.C. §§ 1291 and 3742. As the parties are familiar with the facts, we do not recount them here. We affirm.

When an officer performs a lawful traffic stop, he or she may reasonably "order a passenger back into an automobile that he voluntarily exited." *United States v. Williams*, 419 F.3d 1029, 1034 (9th Cir. 2005). The district court did not err when it concluded that officers performed a lawful traffic stop on the Toyota Corolla in which King was a passenger. The officers saw the Toyota was missing its license plates, in violation of California Vehicle Code section 5200(a). The officers then made a U-turn, turned on their emergency lights, pulled up behind the Toyota and detained King "as soon as they observed him pull over"; they therefore had the authority to control King's movements when he tried to leave the scene. *United States v. Willis*, 431 F.3d 709, 712, 715–16 (9th Cir. 2005) (holding a lawful traffic stop occurred even though the defendant had parked his car before the officers made the stop).

During the traffic stop, officers frisked King. Such a "serious intrusion upon the sanctity of the person" is justified only if the officer "has reason to believe that he is dealing with an armed and dangerous individual." *Terry v. Ohio*, 392 U.S. 1,

17, 27 (1968). Because license plates are an important tool for identifying stolen vehicles, the officers may have reasonably concluded that King and the Toyota's other occupants removed the license plates on the Toyota to avoid detection as car thieves. *See United States v. Rojas-Millan*, 234 F.3d 464, 469 (9th Cir. 2000); *United States v. Hartz*, 458 F.3d 1011, 1017–18 (9th Cir. 2006). The officers' reasonable suspicion that the car was stolen, combined with King's evasive behavior during the traffic stop, justified a weapons frisk. *See United States v. Garcia-Rivera*, 353 F.3d 788, 791 (9th Cir. 2003).

King argues that officers exceeded the lawful scope of a *Terry* stop and frisk by failing to investigate their purported belief that the Toyota was stolen until all of its occupants were in handcuffs. While law enforcement may not unreasonably prolong a *Terry* stop, we do not penalize officers for "delays in investigatory detention attributable to the suspect's evasive actions." *United States v. Montoya de Hernandez*, 473 U.S. 531, 543 (1985). Officers handcuffed King and the Toyota's other occupants only after King attempted to leave the scene and after a frisk revealed that King was armed with a gun. In light of this discovery, the officers were justified in using "especially intrusive means," including handcuffing the Toyota's occupants, to secure the scene and protect their safety. *Washington v. Lambert*, 98 F.3d 1181, 1189 (9th Cir. 1996). Given the circumstances of the stop, it was reasonable for the officers to handcuff the occupants of the Toyota before

3                                                                                          19-50051

further investigating their suspicion that the car was stolen.

**AFFIRMED**.